IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> §    CASE NO.   1:08-CV-343 <br> v. § <br> § <br> §    TRACT NO. RGV-HRL-3004 <br> 3.51 ACRES OF LAND, MORE OR LESS, §                           RGV-HRL-3004E <br> SITUATED IN CAMERON COUNTY, STATE § <br> OF TEXAS; *et al.,* § | |

### UNITED STATES OF AMERICA'S BRIEF ON JUST COMPENSATION

Plaintiff, UNITED STATES OF AMERICA ("United States"), submits its brief on just compensation for its acquisition of Tract RGV-HRL-3004 (1.3095 acres in fee) and Tract RGV-HRL-3004E (temporary twenty-four-month work area easement over 2.2035 acres).

### I. Summary

The issue of just compensation remains unresolved in this case. The United States and all remaining Defendants, who collectively own a 25% interest in Tracts RGV-HRL-3004 and 3004E, could not reach a unanimous agreement as to just compensation. The Court ordered the parties to file briefings as to just compensation by **August 23, 2021**.[1] The United States served a copy of the order setting hearing by certified mail to all Defendants.[2] The United States files this brief detailing the market value of Tracts RGV-HRL-3004 and 3004E.

These Tracts are part of a 14.42 acre parent tract located in Los Indios, Cameron County. The parent tract lies south of Military Highway and is approximately 0.75 driving miles from the Los Indios Free Trade Bridge (see Figure 1 below).

---

[1] Dkt. No. 236.
[2] *Id*.



*Figure 1, aerial of parent tract in relation to Los Indios port of entry*

Tract RGV-HRL-3004 runs north-south on the western boundary of the parent tract while Tract RGV-HRL-3004E, an expired temporary work area easement, was on the northeast corner of the parent tract (see Figure 2 below and Gov't Ex. 4 at 16).



*Figure 2, aerial of the Parent Tract outlining Tract RGV-HRL-3004 in yellow and Tract RGV-HRL-3004E in red*

Page **2** of **12**

## II. Exhibits

| Number | Description |
|---|---|
| 1 | Legal Description and Survey of Tracts RGV-HRL-3004 & 3004E |
| 2 | Probate Documents for Ebaristo Rosales |
| 3 | Letter of Agreement as to Just Compensation for Tracts RGV-HRL-3004 & 3004E Executed by 43 Defendants |
| 4 | Retrospective Appraisal Report for Tracts RGV-HRL-3004 & 3004E |

## III. Procedural History

1. On June 30, 2008, the United States filed its Complaint in Condemnation[3] and Declaration of Taking[4] for the acquisition of certain interests in real property identified as Tracts RGV-HRL-3004 (fee simple) and RGV-HRL-3004E (temporary work area easement) (hereinafter collectively referred to as the "Subject Property") located in Cameron County, Texas.

2. On July 1, 2008, the United States deposited $12,500.00 into the Registry of the Court as estimated just compensation for the taking of the Subject Property.[5] Upon deposit of the estimated just compensation, title to the Subject Property vested in the United States by operation of law (i.e., date of taking).[6]

3. On September 12, 2008, the Court granted the United States immediate possession of the Subject Property.[7]

---

[3] Dkt. No. 1.
[4] Dkt. No. 2.
[5] *See* Dkt. No. 4.
[6] Upon the filing of the Declaration of Taking and depositing the estimated compensation in the Registry of the Court, the following events occur by operation of law: "(1) title to the estate or interest specified in the declaration vests in the Government; (2) the land is condemned and taken for the use of the Government; and (3) the right to just compensation for the land vests in the persons entitled to the compensation." 40 U.S.C. § 3114(b); *see E. Tennessee Nat. Gas. Co. v. Sage*, 361 F.3d 808, 825 (4th Cir. 2004) (in a Declaration of Taking Act case, "[t]itle and the right to possession vest in the government immediately upon the filing of a declaration and the requisite deposit.").
[7] Dkt. No. 6.

4. On January 19, 2012, the United States filed its Amendment to Complaint in Condemnation[8] and Amendment to Declaration of Taking[9] to clarify the legal descriptions and plats of Tracts RGV-HRL-3004 (1.3095 acres in fee simple) and RGV-HRL-3004E (temporary twenty-four-month work area easement across 2.2035 acres)[10].

5. On August 10, 2020, the United States deposited an additional $4,166.67 into the Registry of the Court as estimated just compensation for the taking of the Subject Property.[11]

6. On September 9, 2020, a partial judgment was entered against the United States for $12,500.00 as to Defendant Ester Rodriquez Montalvo's seventy-five percent (75%) interest in the Subject Property.[12]

7. On September 18, 2020, the clerk of court issued a disbursement of $12,500.00 plus interest to Defendant Ester Rodriquez Montalvo.

8. Defendant Ester Rodriquez Montalvo disclaimed any right to just compensation for the remaining twenty-five percent (25%) interest in the Subject Property[13] and was subsequently dismissed from this case[14].

9. All remaining Defendants in this case are entitled to just compensation for their collective ownership of a twenty-five percent (25%) interest in the Subject Property.

---

[8] Dkt. No. 15.
[9] Dkt. No. 16.
[10] Gov't Ex. 1 (Legal Description and Survey of Tracts RGV-HRL-3004 & 3004E).
[11] *See* Dkt. No. 4.
[12] Dkt. No. 185.
[13] Dkt. No. 158.
[14] Dkt. No. 203.

### IV. Title and Just Compensation Status

A.  Title / Ownership of Tracts RGV-HRL-3004 and RGV-HRL-3004E

10. In 1945, the record titleholders of the Subject Property were Ebaristo and Jesusa Rosales, husband and wife.

11. On May 11, 1950, when Jesusa Rosales died intestate her undivided 50% interest in the Subject Property passed in two equal shares to her surviving spouse, Ebaristo Rosales, and to their twelve children, collectively.[15]

12. The remaining Defendants in this case are all heirs of Jesusa Rosales and collectively share a twenty-five percent (25%) interest in the Subject Property.

13. On June 6, 1965, Ebaristo (aka Evaristo) Rosales died testate identifying his grandson, Francisco Montalvo, Jr., as heir to his estate, which included his seventy-five percent (75%) interest in the Subject Property (his original 50% share plus the 25% share he inherited from Jesusa Rosales when she died).[16]

14. On November 14, 2014, Francisco Montalvo, Jr. died testate leaving his seventy-five percent (75%) interest in the Subject Property to his surviving spouse, Ester Rodriquez Montalvo.[17]

B.  Just Compensation Negotiations

15. The issue of just compensation as to Tracts RGV-HRL-3004 (fee simple) and RGV-HRL-3004E remains unresolved between the United States and a majority of the remaining Defendants; only 43 Defendants responded to the United States' offers of settlement.[18]

---

[15] §45. Community Estate, V.A.T.S Probate Code, §45; *see* Dkt. No. 141.
[16] §37. Community Estate, V.A.T.S Probate Code, §37; Gov't Ex. 2 (Probate Documents for Ebaristo Rosales).
[17] Dkt. No. 141 at Exs. 1, 3.
[18] Gov't Ex. 3 (Letter of Agreement as to Just Compensation for Tracts RGV-HRL-3004 & 3004E Executed by 43 Defendants).

16. The United States' offer of settlement for the twenty five percent (25%) interest was based on the just compensation agreement with Defendant Ester Rodriquez Montalvo.[19] Given that the United States was compensating Defendant Ester Rodriquez Montalvo $12,500 for her seventy-five percent (75%) interest, the remaining twenty-five (25%) interest was estimated to be valued at $4,166.67.



17. Nevertheless, as will be explained in more detail, in preparing for the just compensation hearing the United States sought a retrospective appraisal from the United States Army Corps of Engineers (USACE).[20] The USACE appraiser concluded the market value of the entire Subject Property, as of the date of taking, was $18,173.00[21]; making the remaining twenty-five percent (25%) interest still at issue in this case valued at $4,543.25.

---

[19] Originally, the United States agreed to $12,500 with Francisco Montalvo, Jr. while he was alive; at the time he was believed to be the sole owner of the Subject Property. However, a later title review revealed he held only a 75% interest in the Subject Property.
[20] Gov't Ex. 4 (Retrospective Appraisal Report for Tracts RGV-HRL-3004 & 3004E).
[21] *Id.*

### V. Just Compensation as to Tracts RGV-HRL-3004 and RGV-HRL-3004E

**A.    Defendants bear the burden of establishing market value of the property acquired.**

18.    Under the Takings clause, private property may not be taken for a public purpose without "just compensation." U.S. Const. amend. V. Just compensation generally means the fair market value of the property when acquired. *See Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 10 (1984). Fair market value is typically defined as "what a willing buyer would pay in cash to a willing seller." *United States v. Miller*, 317 U.S. 369, 374 (1943).

19.    In a federal condemnation action, just compensation is determined by calculating the property's fair market value on the date it was acquired—the "date of taking." *See generally id.*; *United States v. Reynolds*, 397 U.S. 14 (1970). Courts determine the market value based on what a hypothetical buyer in the open market would pay a willing seller. *Id*. Generally, for a permanent taking, "[t]he best evidence of market value is comparable sales—*i.e.*, sales from a willing seller to a willing buyer of similar property in the vicinity of the taking at or about the same time as the taking." *United States v. 8.41 Acres of Land, More or Less, Situated in Orange County, State of Texas, et al.*, 680 F.2d 388, 395 (5th Cir. 1982) (citations omitted).

20.    The Fifth Circuit recognizes that "just compensation" generally means the "fair market value of the interest taken." *See 0.073 Acres of Land,* 705 F.3d at 545, n.2 (citing *United States v. Gen. Motors Corp.*, 323 U.S. 373, 379 (1945); *accord United States v. 30.00 Acres of Land*, 2020 WL 1854189, at *2 (S.D. Tex. Apr. 13, 2020) (citing *Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 10 (1984)). "Considerations that may not reasonably be held to affect market value are excluded." *United States v. 50 Acres of Land*, 469 U.S. 24, 29 (1984).

21.    Additionally, the Fifth Circuit may consider the "highest and best use" of the property acquired to determine its fair market value of land. *See 30.00 Acres of Land*, 2020 WL 1854189, at *2 (citing *United States v. Buhler*, 305 F.2d 319, 327 (5th Cir. 1962)). "Under this

analysis, courts look to 'the highest and most profitable use for which the property is adaptable and needed, or is likely to be needed in the near future . . .'." *Id.*

22. "The burden of establishing the value of the land sought to be condemned remains with the landowner." *United States v. 62.50 Acres of Land More or Less, Situated in Jefferson Par., State of La.*, 953 F.2d 886, 890 (5th Cir. 1992) (citing *United States ex rel. Tenn. Valley Auth. v. Powelson*, 319 U.S. 266, 273-76 (1943)). Furthermore, value is determined based solely on the evidentiary record. *See United States v. Dillman*, 146 F.2d 572, 574 (5th Cir. 1944) (citing *Carter v. Kubler*, 320 U.S. 243, 246-47 (1943)). Thus, if the landowner does not meet his burden of proving market value the Court can rely exclusively on the United States' evidence of just compensation. *United States v. 8.41 Acres of Land, More or Less, Situated in Orange Cty., Tex.*, 680 F.2d 388, 395 (5th Cir. 1982).

23. To the extent Defendants dispute the United States' valuation for Tracts RGV-HRL-3004 and RGV-HRL-3004E, they have not provided any information to satisfy their burden regarding the fair market value of the Subject Property on the date of taking. Defendants have not produced comparable sales or any other evidence in terms of valuation. Thus, the Court could, on this basis alone, accept the United States' evidence of market value for the outstanding twenty-five percent (25%) interest in the Subject Property as $4,543.25. *See 8.41 Acres,* 680 F.2d at 395 ("The landowners had an opportunity to prove the market value of the tracts was higher than established by the Government, but failed to meet this burden . . . . Accordingly, it is unnecessary to conduct additional hearings on determining the fair market value of the parcels.").

**B.     The United States has determined that $4,543.25 is the fair market value for a twenty-five percent (25%) interest in the Subject Property.**

24.     While the United States previously valued Tracts RGV-HRL-3004 and RGV-HRL-3004E at $16,666.67 on the date of taking (*supra* ¶ 16), the United States recently obtained a retrospective appraisal valuing these tracts in 2008 at $18,173.00 based on a before-and-after analysis.[22] Thus, based on the government's retrospective appraisal a twenty-five percent (25%) interest in the Subject Property is valued at $4,543.25 (an amount $376.58 more than the United States' previous valuation).

   **i.  Fair Market Value of Tract RGV-HRL-3004**

25.     For valuations involving partial takings, such as in this case, the Fifth Circuit "requires the exclusive use of the before-and-after method of valuation, which computes damages to be the difference in the value of the entire parent tract before the taking and the value of the portion remaining after the taking." *8.41 Acres of Land*, 680 F.2d at 392, n.5. This method "take[s] into consideration the loss of the part taken and 'severance damages' to the remainder of the property left after the taking." *Id.*

26.     In determining the fair market value of Tract RGV-HRL-3004, the United States relies on the retrospective appraisal report of Thurman Schweitzer ("Mr. Schweitzer"). Mr. Schweitzer certifies that the facts and data reported by him and used in his review process are true and correct, and that he has no present or prospective interest in the property that is the subject of the work under review and no personal interest with respect to the parties involved.[23]

27.     In valuing the Subject Property Mr. Schweitzer determined the Larger Parcel to be 14.42 acres.[24] To determine the Larger Parcel's market value before and after the July 1, 2008

---

[22] Gov't Ex. 4.
[23] *Id.* at 5.
[24] *Id.* at 13, 17.

taking, the sales comparison approach to value was used while examining market data from June 2004 to September 2007.[25] Five comparable sales were deemed the most comparable to the before- and after- condition of the Larger Parcel and all five were analyzed to conclude the Subject Property's market value.[26] Like the Larger Parcel, the comparable sales involved rangeland/recreational land[27]; and based on adjustments and activity in the market, the unit value of the Larger Parcel in the Before Condition is valued at **$7,400.00 per acre** on the July 1, 2008 date of taking.[28]

28. Thus, Mr. Schweitzer concluded the market value of the Larger Parcel in the Before condition was $106,708:

**Reconciliation & Value Estimate - Before**
- 14.42 acres X $7,400/acre = $106,708

**Total Value – Before**     **$106,708**
.[29]

29. Mr. Schweitzer then analyzed the Larger Parcel in the After condition, finding that the Larger Parcel was reduced to 13.11 acres (14.42 minus the 1.3095 acres in fee identified as Tract RGV-HRL-3004).[30] Subsequent analysis of the same five comparable sales in the After condition identified a decreased value of $7,000 per acre, valuing the property in the after condition at $91.177:

**Reconciliation & Value Estimate - After**
- 13.111 acres X $7,000/acre = $91,777

**Total Value – After**     **$91,777**
.[31]

---

[25] Gov't Ex. 4 at 24-29.
[26] *Id.* at 25, 29.
[27] *Id.* at 23, 31 (highest and best use analysis).
[28] *Id.* at 29-30.
[29] *Id.* at 30.
[30] *Id.*
[31] *Id.* at 37.

30. Accordingly, the difference in the fair market value of the Larger Parcel before and after the fee taking of Tract RGV-HRL-3004 is **$14,931.00**.[32]

### ii. Fair Market Value of Tract RGV-HRL-3004E

31. In addition to the fee acquisition of RGV-HRL-3004 the United States acquired a temporary work area easement across 2.2035 acres identified as Tract RGV-HRL-3004E.[33]

32. Mr. Schweitzer referenced an *Easement Valuation Matrix* which is commonly used in the valuation of easements to conclude Tract RGV-HRL-3004E should be valued at 10% of fee because the easement had nominal effect on the use and utility of the real property it was part of.[34]

33. Thus, Tract RGV-HRL-3004E was valued at $3,242:

- Temporary work area easement (RGV-HRL 3004E)
  - Acres           2.19
  - $/Acre          $7,400
  - Encumbrance     10%
  - Duration        2-years
- 2.19 X $7,400 = $16,206 X 10% = $1,621 X 2 =     $3,242 .[35]

34. In sum, the United States has demonstrated the fair market value of Tract RGV-HRL-3004 ($14,931.00) and RGV-HRL-3004E ($3,242.00) is a total of **$18,173.00**.[36]

35. Accordingly, a twenty-five percent (25%) interest, which is the only interest still outstanding in this case, is valued at **$4,543.25**.

---

[32] Gov't Ex. 4 at 39 (Final Reconciliation and Opinion of Value).
[33] This easement was never utilized by the United States; however, since title transferred to the United States for a two-year period (now long expired) Defendants are entitled to just compensation.
[34] *Id.* at 37-38.
[35] *Id.* at 39.
[36] *Id.*

## VI. Conclusion

The United States respectfully requests the Court value the twenty-five percent (25%) interest still outstanding in this case at no more than $4,543.25. The United States further recommends the total award of just compensation be distributed in equal shares to the remaining Defendants.

Respectfully submitted,

**JENNIFER B. LOWERY**
Acting United States Attorney
Southern District of Texas

By:   *s/ Megan Eyes*
**MEGAN EYES**
Assistant United States Attorney
Southern District of Texas No. 3135118
Florida Bar No. 0105888
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone: (956) 618-8010
Facsimile: (956) 618-8016
E-mail: Megan.Eyes@usdoj.gov
**Attorney in Charge for Plaintiff**

## CERTIFICATE OF SERVICE

On August 23, 2021 I filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas. I hereby certify that I have served the document on all counsel and/or *pro se* parties of record by a manner authorized by Federal Rules of Civil Procedure 5 (b)(2).

*s/ Megan Eyes*
**MEGAN EYES**
Assistant United States Attorney